UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DARYL BROCK,  )
 )
       Plaintiff,  )
 )
  v.  )  Case No. 1:13-cv-1703-TWP-DKL
 )
MR. FITCH, et al.,  )
 )
       Defendants.  )

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

Plaintiff Daryl Brock is an inmate currently confined at the New Castle Correctional Facility. He brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of the Eighth and Fourteenth Amendments. He names the following defendants: Mr. Fitch, Assistant Superintendent of Security; Mr. Collins, Captain; Mr. Gard, Correctional Officer; Jennifer Smith, Grievance Specialist; Ms. Howard, Correctional Officer; John Hurley, Owner GEO Group; and the Indiana Department of Correction. He is suing each of the defendants in both their individual and official capacities. He is seeking compensatory and punitive damages, and injunctive relief.

Because Brock is a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court must screen his complaint as required by 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that the plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 868 (2009). Pro se complaints such as that filed by Brock are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Brocks's complaint is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sulliva*n, 35 F.3d 1171, 1175 (7th Cir. 1994); see also *Gossmeyer v. McDonald*, 128 F.3d 481, 489-90 (7th Cir. 1997). In this case, the complaint alleges that the defendants were deliberately indifferent to his serious medical needs (specifically his need for dental treatment) in violation the Eighth Amendment.

The constitutional provision pertinent to Brock's claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509

U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Specifically, the Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996), cert. denied, 520 U.S. 1230 (1997). In order for an inmate to state a claim under §1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (construing *Estelle*).

A corollary to the element of deliberate indifference of a claim such as asserted here is that the defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). "[A]n official meets the personal involvement requirement when she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994)(quoting *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985))(citations and internal quotations omitted). Without such an allegation, -- a complaint must allege facts to state a claim to relief that is plausible on its face, --there could be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . Monell's rule [is that]

that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978)).

**II.**

Applying the foregoing principles to Brock's complaint, certain claims must be dismissed:

First, as an agency of the State of Indiana, the Department of Correction ("DOC") is not a "person" subject to suit pursuant to § 1983. Additionally, the DOC (as the alter-ego of the State of Indiana) cannot be sued in federal court under the circumstances alleged in the complaint because of Indiana's Eleventh Amendment immunity. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995). Accordingly, the Indiana Department of Correction is **dismissed**. Similarly, the official capacity claims against defendants Fitch, Collins, Gard, Smith, and Howard must be **dismissed** because these claims are in all respects other than name against the State of Indiana. *Will v. Mich. Dep't of State Police,* 491 U.S. 58 (1989).

The claim against Hurley in his individual capacity is **dismissed** because Brock did not allege any personal involvement by Hurley in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 597 (7th Cir. 2003).

On the first page of his complaint, Brock references a Fourteenth Amendment claim. (Dkt. 1). Any due process and equal protection claims asserted pursuant to the Fourteenth Amendment are **dismissed.** Brock's claims are sufficiently based on the protections afforded by the Eighth Amendment to the Constitution, which is made applicable to state action by interpretation of the due process clause of the Fourteenth Amendment. *Withers v. Wexford Health Sources, Inc.*, 710 F.3d 688, 688 (7th Cir. 2013). There are no allegations sufficient to

invoke the important but limited protections of due process and equal protection. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.") (plurality opinion of Rehnquist, C.J.) (internal quotations omitted).

### III.

The following claims may proceed:

Brock's policy and practice claim that it is the policy and practice of GEO Group to deny Brock medical (and dental) care and to be deliberately indifference to his serious medical needs shall proceed against John Hurley. Any claim for injunctive relief may also proceed against John Hurley in his official capacity.

The claim that Fitch, Collins, Gard, Smith, and Howard were deliberately indifferent to Brock's serious medical needs shall proceed against these defendants in their individual capacity only for compensatory and punitive damages.

### IV.

In summary, Brock's claim against the Indiana Department of Correction is dismissed. The claims against Fitch, Collins, Gard, Smith, and Howard in their official capacities and against Hurley in his individual capacity are also dismissed. The claim against Fitch, Collins, Gard, Smith, and Howard in their individual capacities may proceed, and the claim against Hurley in his official capacity may proceed. Finally, any independent due process claim is dismissed.

No final judgment shall issue at this time as to the claims dismissed in this Entry.

The clerk is designated pursuant to Fed. R. Civ. P. 4(c)(3) to issue and serve process on

the remaining defendants in the manner specified by Fed. R. Civ. P. 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 06/06/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK:** **PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Daryl Brock
#881988
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana 47362

Mr. Fitch
Assistant Superintendent of Security
NCCF
PO Box A
New Castle, Indiana 47362

Mr. Collins
Captain
NCCF
PO Box A
New Castle, Indiana 47362

Mr. Gand
Correctional Officer
NCCF
PO Box A
New Castle, Indiana 47362

Jennifer Smith
Grievance Specialist
NCCF
PO Box A
New Castle, Indiana 47362

Ms. Howard
Correctional Officer
NCCF
PO Box A
New Castle, Indiana 47362

John M. Hurley
Owner/Operator GEO Group, Inc.
One Park Place
621 N.W. 53rd St., Suite 700
Boca Raton, FL 33486