UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARYL W. BROCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-1703-TWP-MPB |
| ) | |
| MR. FITCH, MR. COLLINS, MR. GARD, ) | |
| JENNIFER SMITH, MS. HOWARD, and ) | |
| JOHN M. HURLEY, ) | |
| ) | |
| Defendants. ) | |

**ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed by Defendants Mr. Fitch, Mr. Collins, Mr. Gard, Jennifer Smith, Ms. Howard, and John M. Hurley (collectively, the "Defendants"). *Pro se* Plaintiff Daryl Brock ("Mr. Brock"), an inmate at the Miami Correctional Facility, brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the Defendants were deliberately indifferent to his serious dental needs in violation of the Eighth Amendment while he was an inmate at the New Castle Correctional Facility. For the reasons set forth below, the Defendants' Motion for Summary Judgment (Filing No. 35) is **granted**.

**I. FACTUAL BACKGROUND**

**Statement of Material Facts Not in Dispute**

On July 27, 2015, after receiving a letter from Mr. Brock wherein he requested appointment of counsel and briefly addressed the pending Motion for Summary Judgment, the Court reminded Mr. Brock that he could file an extension of time to file a response in opposition to summary judgment if necessary (Filing No. 48). Mr. Brock did not file a response. By failing to dispute any of the Defendants' facts or evidence, the Court must take the facts in the Defendants' statement as admitted. L.R. 56.1; *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting

the Seventh Circuit has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts."). As submitted by the Defendants, and supported by appropriate citations to the record, the undisputed facts are as follows:

The Indiana Department of Correction and the GEO Group ("GEO") have a contract through which GEO manages the New Castle Correctional Facility ("New Castle"). Defendant John Hurley is the Senior Vice President of GEO and President of GEO Corrections and Detention Center. Mr. Hurley does not have a role in the day to day functions at New Castle. (Filing No. 37-6, at ECF pp. 1-2).

At all times relevant to the Complaint each Defendant performed specific duties at New Castle. Scott Fitch was the Assistant Warden-Operations. Jabin Collins was the Night Shift Team 2, STAND Unit, Shift Supervisor. Voyle Gard served as the offender escort for the STAND Unit. Ms. Howard was a correctional officer, employed by GEO. Jennifer Smith was the grievance specialist. (Filing No. 37-6; Filing No. 37-7; Filing No. 37-8; Filing No. 37-9).

While at New Castle, Mr. Brock was housed in the M Unit, part of the STAND Unit. (Filing No. 37-6, at ECF p. 3.) Mr. Brock was seen by a dentist and received dental care on multiple occasions between November 12, 2012 and April 25, 2013. (Filing No. 37-5; Filing No. 37-8.) On June 19, 2013, Mr. Brock submitted a health care request form asking to see the dentist. (Filing No. 37-10, at ECF p. 14.) Mr. Brock complained several times, that he had a serious problem with his teeth, they were bleeding, causing him not to be able to eat or sleep, causing him severe pain and headaches. The dental appointment was scheduled for June 28, 2013. In the interim, an offender within the O Unit at New Castle attacked a correctional officer and the officer sustained a broken jaw. (Filing No. 37-2; Filing No. 37-6, at ECF p. 2.) As a result of the attack,

2

Keith Butts, Warden of New Castle, placed the O Unit and M Unit of the STAND Unit on restricted movement status for safety and security reasons.  (Filing No. 37-3; Filing No. 37-6, at ECF p. 4.).  This restricted movement status was lifted on September 10, 2013.  (Filing No. 37-6, at ECF p. 3; Filing No. 37-7.)

During periods of restricted movement, the transportation of offenders is restricted, therefore, many programs and services are brought to the housing unit on restriction.  When programs and services are brought to the restricted units, staff members assigned to the restricted unit provide the programs and services.  As a result, those staff members are not available to otherwise transport offenders.  Offender transport is then limited to transportation for emergent medical needs.  The overall impact of restricted movement status is to slow or halt offender transportation.  (Filing No. 37-6, at ECF p. 2-3; Filing No. 37-7.)

Mr. Brock was not transported to the June 28, 2013, dental appointment and he was listed by health care staff as a no show.  On June 30, 2013, Mr. Brock submitted another health care request form, again asking to see a dentist.  An appointment was set for July 8, 2013, but Mr. Brock was not transported and he was listed by health care staff as a no show.  On July 9, 2013, Mr. Brock submitted another health care request form requesting to see a dentist.  Another appointment was set for July 12, 2013, but Mr. Brock was not transported and he was listed by health care staff as a no show.  On July 24, 2013, Mr. Brock submitted a forth health care request form asking to see a dentist. A fourth appointment was set for July 26, 2013, but Mr. Brock was again, not transported. Mr. Brock inquired about the no show appointments and he was informed that his dorm was on lock-down/limited movement status. On July 26, 2013, he was informed by health care staff:  "We have sent out multiple passes for you to come to clinic.  Apparently your

3

dorm has been on lock-down/limited movement. You can discuss this with security." (Filing No. 37-10, at ECF p. 17.)

Mr. Brock submitted another health care request form requesting to see a dentist on November 1, 2013. An appointment was scheduled for November 22, 2013. (Filing No. 37-10, at ECF p. 18.) On that date, Mr. Brock was transported to his appointment and received dental care. Thereafter, Mr. Brock was seen on multiple occasions after submitting health care request forms for dental care. (Filing No. 37-5.)

Jennifer Smith is the grievance specialist at New Castle. She processed Mr. Brock's grievances concerning not being transported to his dental appointments while his unit was on restricted movement status. He completed the grievance process in this regard. His grievances were denied at all levels because his unit was on restricted movement status for safety and security reasons. (Filing No. 37-4; Filing No. 37-9.)

## II. LEGAL ANALYSIS

**A.     Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but

rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. Proc. 1).

Mr. Brock has not opposed the Motion for Summary Judgment. The consequence of his failure to do so is that he has conceded the Defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

**B.** **Discussion**

Mr. Brock alleges in his Complaint that the Defendants were deliberately indifferent to his dental needs by failing to transport him to scheduled dental appointments on four different occasions between June 28, 2013 and July 26, 2013. To support a claim that there has been a violation of this right, a plaintiff must demonstrate two elements: (1) an objectively serious medical condition, and (2) deliberate indifference by the prison official to that condition. *Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir. 2006).

In his Complaint, Mr. Brock alleges that he needed dental work and was in terrible pain. However, the Complaint was not verified and Mr. Brock has failed to file a response or present any evidence in opposition to the Defendants' Motion for Summary Judgment. Mere allegations in a complaint need not be considered by the court as evidence at the summary judgment stage. *See Tibbs v. City of Chicago*, 469 F.3d 661, 663 n. 2 (7th Cir. 2006) (stating that mere allegations of a complaint are not evidence, and contentions must be supported with citations to admissible

evidence at the summary judgment stage).  As such, Mr. Brock has failed to present any admissible evidence to defeat summary judgment as to whether he suffered from an objectively serious medical condition.

That said, it is common knowledge and the Court recognizes that dental pain is excruciating and the bleeding gums and pain described by Mr. Brock in his Complaint was likely an objective serious medical condition. An objective serious medical need is one that has been diagnosed by a physician as mandating medical treatment or one that is so obvious that even a lay person could easily recognize the need for medical attention.  See *Johnson v. Snyder*, 444 F.3d 579, 548 (7th Cir. 2006).   However, even if the Court finds that Mr. Brock suffered from an objectively serious medical condition, he has not presented any evidence that the Defendants were deliberately indifferent to that condition.

Mr. Brock's unit was on restricted movement status from June 28, 2013, the date of his first dental appointment, until September 10, 2013. In an effort to restore and maintain the safety and security of the staff and offenders within the unit, an Operational order was given by the facilities Administrative Staff to restrict prisoner movement unless the situation falls under a medical emergency.  As a result of the restricted movement status, Mr. Brock was not transported to four dental appointments.  Mr. Brock does not dispute that his unit was on restricted movement status during the time period when he was not transported to his dental appointments.

To survive summary judgment, Mr. Brock must establish a genuine issue of material fact as to whether a correctional officer knew of and then disregarded an excessive risk to his health. See *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference requires a showing of more than mere or gross negligence, but less than purposeful infliction of harm.  *Matos v.*

*O'Sullivan*, 335 F.3d 553, 557 (7th Cir. 2003). In the context of medical care, the constitutional standard is:

> Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by . . . prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).

Prior to the restricted movement status, Mr. Brock received dental care on multiple occasions between November 12, 2012 and April 25, 2013. Further, after the restricted movement status was lifted on September 10, 2013, Mr. Brock was once again transported for dental appointments. (Filing No. 37-5.) It is undisputed that the reason the Mr. Brock was not transported for his dental appointments during a one month period was a result of the restricted movement status on his unit. As such, the Court cannot find that the delayed treatment was due to deliberate indifference to a serious medical need by the Defendants. *See Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997) (noting that isolated or occasional delays in medical treatment, when treatment was occurring over a period of time of 10 months, "when taken alone or collectively cannot support a finding of deliberate indifference.").

### III. CONCLUSION

For the reasons set forth above, summary judgment is warranted on Mr. Brock's Eighth Amendment claim; therefore, the Defendants' Motion for Summary Judgment (Filing No. 35) is **GRANTED.** Judgment shall now issue.

**SO ORDERED.**

Date: 2/26/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Daryl Brock, #881988
Inmate Mail/Parcels
Miami Correctional Facility
3038 West 850 South
Bunker Hill, Indiana 46914-9810

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com